[No. 39178.   En Banc.   June 26, 1969.]

Douglas J. Fraser *et al.*, *Appellants*, v. Harold F. Weeks *et al.*, *Respondents.**

*Moschetto & Alfieri*, for appellants.

*Williams, Lanza, Kastner & Gibbs*, by *Henry E. Kastner*, for respondents.

Per Curiam.—This is an appeal from a summary judgment of dismissal entered upon the motion of the defendants to a complaint for medical malpractice. Defendants stated their motion for summary judgment as follows:

> [D]efendants . . . move the Court for an order of dismissal . . . on the grounds that the claim is barred by the statute of limitations and on the ground that no damage occurred to plaintiffs as the result of the alleged failure of diagnosis.

The trial court granted the summary judgment of dismissal on the stated grounds that the claim was barred by the 3-year statute of limitations under `Lindquist v. Mullen*, 45 Wn.2d 675, 277 P.2d 724 (1954), thus adhering to the long-standing principle that the statute of limitations in medical malpractice cases commences to run from the time of the commission of the alleged act of malpractice. Although there were indications in the record that the court was of the opinion that plaintiff was unable to establish a prima facie basis for negligence, we are satisfied that the dismissal was granted primarily on the Lindquist v. Mullen rule.

At the time of hearing the motion for summary judgment, *Lindquist v. Mullen, supra,* was the rule of decision in this jurisdiction, and, accordingly, the learned trial judge followed it. Since the hearing of the instant appeal, however, this court has overruled *Lindquist v. Mullen, supra,* in malpractice cases involving the negligent leaving of foreign substances or objects in a surgical wound in *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969), and *Denison v. Goforth,* 75 Wn.2d 853, 454 P.2d 218 (1969), and in malpractice claims involving a continuous and substantially uninterrupted course of treatment for the same disease or condition in *Samuelson v. Freeman,* 75 Wn.2d 893, 454 P.2d 406 (1969).

In view of our overruling of *Lindquist v. Mullen, supra,* we think that the summary judgment granted herein should be reversed and plaintiffs authorized to proceed further with their claim.

Reversed and remanded.

*Reported in 456 P.2d 351.