[No. 418-1.   Division One—Panel 1.   July 6, 1971.]

PAUL C. KUNDAHL et al., *Plaintiffs*, v. BERNERD A. BARNETT et al., *Defendants*, LEO S. FISCHER et al., *Respondents*, FRANK H. ELROD et al., *Appellants*.

*Welling, Post & Coble* and *Kenneth O. Welling*, for appellants.

*Shidler, McBroom & Gates* and *Christopher J. Genis*, for respondents.

WILLIAMS, J.—An action was brought in the superior court of King County by Paul C. Kundahl and Billie Kundahl, his wife, for damages for an encroachment upon their land; in which action Leo S. Fischer and Viola K. Fischer, his wife, were joined as additional defendants. The Fischers in turn joined Frank H. Elrod and Marie B. Elrod, his wife, as parties defendant, settled with the plaintiffs, and the case was then tried to the court without a jury on the Fischers' cross complaint which alleged that the encroachment was caused by a faulty survey made by Frank H. Elrod some 5 years before. The trial resulted in an award of damages of $4,899.75 to the Fischers, from which judgment the Elrods appeal.

The facts are these: In 1962 appellant Frank H. Elrod orally agreed to survey and stake boundary lines for several lots which respondents owned on Mercer Island in

King County. The parties were aware of surveying problems in the area, and when the work was completed it physically appeared that the lines laid down did not correspond to the general pattern of other properties in the vicinity. Respondents Fischer built a house upon one of the lots, sold it, and then bought it back to settle the suit for encroachment as above noted.

Two questions are presented: First, whether there was sufficient evidence to support the findings of the trial court as to liability; and, second, whether the court erred in deciding that the 3-year statutes of limitation (RCW 4.16.010 and RCW 4.16.080(2)) did not bar respondents' claim because their action against appellants did not accrue until they discovered or had reasonable grounds to discover the error in the survey.

Expert witnesses were called by each side to give testimony concerning the accuracy of the survey and the methods employed by appellant husband in conducting it. There is substantial evidence in the record that appellant husband was negligent in his conduct of the survey and that this negligence was a proximate cause of the loss.

The controlling question is whether the action, which was based upon a negligent breach of duty, was begun within the time limited by law. The pertinent limitation statutes are:

RCW 4.16.010 Commencement of actions limited— Objections, how taken. Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute; but the objection that the action was not commenced within the time limited can only be taken by answer or demurrer.

RCW 4.16.080 Actions limited to three years. Within three years:

. . .

(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;

Until recently, the judicial resolution of this question has been that the action "accrues" when the breach of duty occurs, and that the start of the running of the statute of limitations is not postponed by the fact that actual or substantial damages do not occur until a later date. *Taylor v. Puget Sound Power & Light Co.*, 64 Wn.2d 534, 392 P.2d 802 (1964); *Shaw v. Rogers & Rogers*, 117 Wash. 161, 200 P. 1090 (1921). It has not been considered of any consequence that the claimant neither knows nor has a reasonable way of ascertaining that a wrong has been committed. A classic example of the running of the statute of limitations, irrespective of the knowledge of the injured party, is *Golden Eagle Mining Co. v. Imperator-Quilp Co.*, 93 Wash. 692, 161 P. 848 (1916), which was an action for trespass and the removal of ore deep under the plaintiff's land. The defendant, owner of an adjoining mining claim, followed a mineral vein from his property into that of plaintiff. The court held that the cause of action accrued when plaintiff had a right to sue, notwithstanding the fact that he had no way of finding out that his ore was being taken. The court in support of the decision quoted from *Thomas v. Richter*, 88 Wash. 451, 153 P. 333 (1915): "It is believed that it is better for the public that some rights be lost than that stale litigation be permitted."

Until *Ruth v. Dight*, 75 Wn.2d 660, 453 P.2d 631 (1969), the same rule and reasoning have been uniformly applied in lawyer and medical malpractice cases. *Lindquist v. Mullen*, 45 Wn.2d 675, 277 P.2d 724 (1954); *Schirmer v. Nethercutt*, 157 Wash. 172, 288 P. 265 (1930); *Cornell v. Edsen*, 78 Wash. 662, 139 P. 602 (1914).

In *Ruth*, a specific exception was made in a situation in which a surgeon left a sponge in a patient and the discovery of it was made more than 20 years later. Previous medical malpractice decisions were overruled; and the "discovery rule" was adopted, whereby the statute of limitations commenced to run when the patient discovered, or in the exercise of reasonable care should have discovered, injury. The "discovery rule" has been discussed and applied

in subsequent medical malpractice cases. *Fraser v. Weeks,* 76 Wn.2d 819, 456 P.2d 351 (1969); *Denison v. Goforth,* 75 Wn.2d 853, 454 P.2d 218 (1969); *Janisch v. Mullins,* 1 Wn. App. 393, 461 P.2d 895 (1969).

The question of when a cause of action accrues in the case of the negligence of a land surveyor has not been decided in this state. The legislature in 1967 limited the accrual of a cause of action against a surveyor, among others, under certain circumstances, to 6 years from the date of substantial completion or termination of improvements to real estate, but left with the courts the determination of when during the 6-year period the action accrues. RCW 4.16.300 *et seq.*

Although *Ruth v. Dight, supra,* and subsequent decisions applying the discovery rule involve medical malpractice, the reasons given for the rule are as persuasive in this case where a landowner intending to build, and knowing that there were boundary location problems, obtained, for pay, the services of a professional land surveyor to locate his property. In *Ruth v. Dight, supra,* the Supreme Court said at page 666:

> But in reading RCW 4.16.010, as it speaks of the accrual of a cause of action, along with subsection RCW 4.16.080(2), prescribing the kind and classes of actions which are limited to 3 years, *i.e.,* actions "for any other injury to the person or rights of another," we note that the time fixed for calculating the accrual of the cause of action becomes general instead of specific, and could as readily be said to commence with the reasonable discovery of the injury as with the occurrence of the event or omission which produced the alleged injury. And in cases of medical malpractice of the kind now before us—and as in *Lindquist*—where it is asserted the surgeon has negligently left a foreign article, device or substance enclosed in a surgical wound, the patient may be totally oblivious of his injury for years afterward. Thus, a fair resolution of the dilemma involves both a preservation of limitations on the time in which the action may be brought and a preservation of the remedy, too, where both parties are blameless as to delay in discovery of the asserted wrong.

Judge Horowitz, speaking for this court in *Janisch v. Mullins, supra,* said at 399:

> The word "accrued" does not necessarily mean the same in all contexts under all circumstances and for all purposes. We bear in mind the fact that it is a limitation statute that we are construing and not merely a definition of a cause of action. We seek to construe the word "accrued" in a manner consistent with a prima facie purpose to compel the exercise of a right within a reasonable time (34 Am. Jur. *Limitation of Actions* §§ 9, 10 (1941)) without doing an avoidable injustice. The accomplishment of such a purpose seems fair only if the injured party knows or should know that he has a right to sue. If the limitation statute is intended to serve another purpose in the accomplishment of which actual or constructive knowledge of the injury is irrelevant, that purpose should clearly appear.

Elsewhere, the "discovery rule" has been applied in professional malpractice cases involving a surveyor, *Mattingly v. Hopkins,* 254 Md. 88, 253 A.2d 904 (1969); accountants, *Moonie v. Lynch,* 256 Cal. App. 2d 361, 64 Cal. Rptr. 55 (1967); *Feldman v. Granger,* 255 Md. 288, 257 A.2d 421 (1969); attorneys, *Downing v. Vaine,* 228 So. 2d 622 (Dist. Ct. App. Fla. 1969), *appeal dismissed,* 237 So. 2d 767 (Fla. 1970); Note, 15 U.C.L.A. L. Rev. 230 (1967); as well as in numerous medical cases, *Frohs v. Greene,* 253 Ore. 1, 452 P.2d 564 (1969); *see also Janisch v. Mullins, supra.*

We see no distinction between the medical and other professions insofar as application of the discovery rule is concerned. Although the damages resulting from medical malpractice are more personal in character, the pecuniary loss caused by malpractice in the other professions can be as great or greater. In this case, it is illogical to charge respondents with the obligation of retaining the services of another surveyor to prove out the stakes which appellant Elrod placed. That would be the only way that respondents could discover the error; unless, of course, the second surveyor was in error, calling for a third survey, and so on ad infinitum.

The injustice caused by the strict definition of "accrual"

can be avoided by the application of the discovery rule. Of course the legislature has the power to provide special statutory periods for malpractice cases. *Janisch v. Mullins, supra.* This was done in 1967 for engineers, surveyors, etc. (RCW 4.16.300 *et seq.*); and in 1971, an additional limitation provision was enacted for the healing arts (Laws of 1971, ch. 80, § 1, p. 194).

The judgment is affirmed.

JAMES and UTTER, JJ., concur.

Petition for rehearing denied September 13, 1971.

Review denied by Supreme Court November 23, 1971.