[No. 9415-7-I. Division One. July 12, 1983.]

DAVID HUDESMAN, ET AL, *Appellants,* v. MERIWETHER
LEACHMAN ASSOCIATES, INC., ET AL,
*Respondents.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.,
Martin Crowder, David Swartling,* and *Philip Talmadge,*
for appellants.

*Carney, Stephenson, Badley, Smith & Mueller, P.S.,* and
*Basil Badley,* for respondents.

CALLOW, J.—David Hudesman, James White, and James
Rendahl, doing business as Rainier Village, Inc., appeal a
summary judgment dismissal of their cause of action
against Meriwether Leachman Associates, Inc., for profes-
sional malpractice. These issues are presented:

1. Whether RCW 4.16.310 imposes an absolute bar on all actions to which it applies where such actions are brought 6 years after substantial completion of construction.

2. Whether the trial court erred in granting a summary judgment dismissal based on its conclusion, as a matter of law, that the Rainier Village Complex was substantially complete as defined in RCW 4.16.310.

In 1972, David Hudesman, James White, and James Rendahl formed a joint venture doing business as Rainier Village, Inc. (Rainier). The purpose of the joint venture was to develop a shopping center in Renton with approximately six commercial units. On January 25, 1973, Rainier contracted with Bell Construction Company for construction of the premises. Later that same month, Rainier entered into a service agreement with Meriwether Leachman Associates, Inc. (Meriwether), in which Meriwether was to perform a northerly property line survey of the project premises for Rainier. The survey was done in conjunction with the construction of the project and completed in February of 1973. By the end of August 1973 the shopping center had been approved, subject to certain corrections, for "three completed units" by the appropriate Renton authorities. However, the entire shopping mall was not ready for occupancy nor occupied until early 1974.

In April of 1978, an "as built" survey of the building was performed by another surveyor for the purpose of expanding the shopping center. This survey demonstrated that the prior survey performed by Meriwether was erroneous and that a service driveway of the building encroached upon the adjacent property. As a result of this error, Rainier suffered substantial damages and could not obtain a loan for expansion.

Thereafter, Rainier commenced an action in King County Superior Court for professional malpractice against Meriwether, filed November 28, 1979. Meriwether subsequently moved for summary judgment of the action based on RCW 4.16.310. On September 24, 1980, the trial court granted Meriwether's motion for summary judgment after consider-

ation of the pleadings, records, affidavits of Robert C.
Meriwether and James M. Rendahl, certification of records,
and the memoranda and oral argument of counsel. Motion
for reconsideration was denied on January 14, 1981, the
trial court finding:

> (1) [T]hat [RCW 4.16.310] is the applicable statute of
> limitations and that it precludes maintenance of an
> action six years after substantial completion of construc-
> tion, and (2) that there is no genuine issue of material
> fact that the construction which is the subject matter of
> this litigation was substantially completed as defined in
> the statute prior to November 28, 1973 . . .

Rainier appeals.

The first issue is whether RCW 4.16.310 imposes an
absolute bar on all actions to which it applies where such
actions are brought 6 years after substantial completion of
construction.

Rainier contends that the language of RCW 4.16.310 only
prescribes the time period within which a plaintiff's claim
must accrue and is not an absolute limitation. Meriwether
contends that RCW 4.16.310 acts as an absolute statute of
limitations and bars any action not commenced within 6
years of substantial completion of construction.[1]

▆▆ "[T]he legislature has the constitutional power to

---

[1] *RCW 4.16.300 states:*

"RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of
any kind against any person, arising from such person having constructed, altered
or repaired any improvement upon real property, or having performed or fur-
nished any design, planning, surveying, architectural or construction or engineer-
ing services, or supervision or observation of construction, or administration of
construction contracts for any construction, alteration or repair of any improve-
ment upon real property."

RCW 4.16.310 states in part:

"All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and
the applicable statute of limitation shall begin to run only during the period
within six years after substantial completion of construction, or during the period
within six years after the termination of the services enumerated in RCW 4.16-
.300, whichever is later. . . . *Any cause of action which has not accrued within
six years after such substantial completion of construction, or within six years
after such termination of services, whichever is later, shall be barred . . ."* (Ital-
ics ours.)

enact a clear line of demarcation to fix a precise time beyond which no remedy will be available." *Rodriguez v. Niemeyer,* 23 Wn. App. 398, 401, 595 P.2d 952 (1979); *see Ruth v. Dight,* 75 Wn.2d 660, 666, 453 P.2d 631 (1969). RCW 4.16.300 and .310 were adopted to protect architects, contractors, engineers, surveyors and others from extended potential tort and contract liability. *Pinneo v. Stevens Pass, Inc.,* 14 Wn. App. 848, 545 P.2d 1207 (1976). RCW 4.16.310 limits the "discovery rule" which determines when a cause of action *accrues* in certain actions. Under the discovery rule, "a cause of action accrues and the statute of limitation does not begin to run until the plaintiff learns of or in the exercise of reasonable diligence should have learned of the facts which give rise to the cause of action." *Metropolitan Servs., Inc. v. Spokane,* 32 Wn. App. 714, 720, 649 P.2d 642 (1982); *see U.S. Oil & Ref. Co. v. Department of Ecology,* 96 Wn.2d 85, 92, 633 P.2d 1329 (1981). The rule is generally applied where the plaintiff lacks the means or ability to ascertain that a wrong has been committed. *U.S. Oil,* at 93.

The "discovery rule" was initially applied in medical malpractice cases, *Ruth v. Dight, supra,* and was applied to malpractice actions brought against surveyors in *Kundahl v. Barnett,* 5 Wn. App. 227, 230, 486 P.2d 1164 (1971), which stated: "The legislature in 1967 limited the *accrual* of a cause of action against a surveyor, among others, under certain circumstances, to 6 years from the date of substantial completion or termination of improvements to real estate". (Italics ours.)

RCW 4.16.310 legislatively restricts the application of the discovery rule. As stated in *Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 222 n.2, 543 P.2d 338 (1975):

> While important policy reasons support the accrual at discovery rule, we also recognize it may be desirable to place some outer limit upon the delayed accrual of actions in order to avoid an undue burden on potential defendants. *The legislature may wish to enact a reasonable absolute limitation on actions like those in this*

*case as it has in other contexts. See RCW 4.16.310, 4.16-
.350 . . .*

(Italics ours.) *Rodriguez v. Niemeyer, supra* at 401, stated:

> The statute has a broad scope barring *all* causes of action
> that do not *accrue* within 6 years after substantial com-
> pletion or termination of any of the specified services,
> *Pinneo v. Stevens Pass, Inc.*, 14 Wn. App. 848, 545 P.2d
> 1207 (1976), whether the damage was or could have been
> discovered within that period. This court cannot consti-
> tutionally ignore such a clear mandate from the legisla-
> ture.

(Some italics ours.)

In essence, RCW 4.16.310 sets an outer limit for discov-
ery of an erroneous survey giving rise to a cause of action
described in RCW 4.16.300, for the accrual of a claim for
damages and for the commencement of the running of the
period of the statute of limitations applicable to such
claims.

A cause of action accrues at the moment when a suit may
be maintained against the wrongdoer, at the time damage is
sustained or when the injured party first has a presently
enforceable demand, and is entitled to sue. *Young v.
Seattle*, 30 Wn.2d 357, 191 P.2d 273 (1948). As stated in
*Gazija v. Nicholas Jerns Co., supra* at 219–21:

> In most circumstances, a cause of action accrues when its
> holder has the right to apply to a court for relief. . . .
> Until a plaintiff suffers appreciable harm as a conse-
> quence of negligence, he cannot establish a cause of
> action. Thus, although a right to recover nominal dam-
> ages will not commence the period of limitation, the
> infliction of actual and appreciable damage will trigger
> the running of the statute of limitations. . . .
>
> While in many instances damage occurs and the action
> accrues immediately upon the occurrence of the wrongful
> act, this is not always true. In circumstances where some
> harm is sustained, but the plaintiff is unaware of it, a lit-
> eral application of the statute of limitations may result in
> grave injustice. . . . There is now a wave of modern
> decisions which . . . hold that the statute will no longer

be construed as intended to run until the plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it. . . .

Bearing in mind that we are construing a limitations statute and not just a definition of a cause of action, the word "accrued" should be construed in a manner consistent with a prima facie purpose to compel the exercise of a right within a reasonable time without doing an avoidable injustice. . . . The rule holding a cause of action has not accrued until plaintiff has discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it, is designed to prevent such injustice. . . . [T]he Court of Appeals in *Kundahl* did not base its decision solely on the illogic of obliging a landowner to retain another surveyor to double check the accuracy of the first survey in order to apprise himself of possible grounds for a lawsuit. The court reasoned that the accrual upon discovery rule was a fair resolution of competing factors in the case of a surveyor as it was in the case of other professional malpractice.

The injury caused by an erroneous survey is subject to the 3–year statute of limitations. RCW 4.16.080; *Kundahl v. Barnett, supra.* Thus, any cause of action brought against the respondent surveyors had to be brought within 3 years after it accrued, and it had to accrue within 6 years after the date of completion of construction. The earliest date that could be taken for the date of "substantial completion of construction" was August 1973. Assuming that any cause of action against the surveyors had to accrue within 6 years thereafter, the action had to accrue prior to August 1979. The cause of action did accrue in April of 1978 when the second survey uncovered the error of the respondents, and the appellants then had until April of 1981 to commence their action. The action was commenced within the 3–year time limit of RCW 4.16.080 and, therefore, was timely.

The entry of summary judgment of dismissal is reversed

324

and the cause is remanded for further proceedings.

RINGOLD and SCHOLFIELD, JJ., concur.

Reconsideration denied September 20, 1983.

Review denied by Supreme Court December 2, 1983.