Robert B. KLINGER and Karol J. Klinger, Plaintiffs and Appellees,

v.

Eugene E. KIGHTLY, Helen L. Kightly, Harry D. Kreis, Peggy R. Kreis Barnett, United Farm Agency, Inc., and Gerald W. Wilkerson, Defendants and Appellants.

Eugene E. KIGHTLY, Helen L. Kightly, Harry D. Kreis, Peggy R. Kreis Barnett, Third–Party Plaintiffs,

v.

Glen H. CALDER and John Doe Wilson, individually and dba Wilson & Calder, Third–Party Defendants and Appellees.

No. 880003.

Supreme Court of Utah.

March 22, 1990.

Ephraim H. Frankhauser, Salt Lake City, for defendants and appellants.

Rick J. Sutherland, Robert F. Babcock, Salt Lake City, for plaintiffs and appellees.

HALL, Chief Justice:

This case is on appeal from the Seventh District Court, Duchesne County. The trial court found for plaintiffs and rescinded a land purchase contract based upon mutual mistake. Defendants were allowed to bring a third-party complaint against the surveyor of the property, Glen H. Calder, John Doe Wilson, and Wilson & Calder (hereinafter "Calder"), who were eventually granted a summary judgment dismissal on the basis that the statute of limitation

had run for a claim against the surveyor of the land pursuant to Utah Code Ann. § 78–12–25(2) (1987). We reverse the trial court's ruling of summary judgment with regard to the Kightlys' third-party complaint against Calder.

## FACTS

In June 1971, defendants purchased a parcel of unimproved real property located in Duchesne County, Utah, from Strawberry River Estates (hereinafter "Strawberry") by uniform real estate contract. After the purchase, defendants hired Wilson & Calder to survey the property, and on May 15, 1972, defendants received a certificate of survey signed by Glen H. Calder, certifying the location and dimensions of the property and that there were no encroachments on it.

Defendants used the property for camping and other recreational purposes between 1971 and 1983. On July 23, 1983, they sold the property to the Klingers by a warranty deed containing the description in the warranty deed from Strawberry to defendants and confirmed in the certificate of survey obtained from Calder.

In February 1985, the Klingers discovered a discrepancy in the boundaries of the property. The Klingers brought suit against defendants for fraud and misrepresentation but later amended their complaint to a cause of action for mutual mistake. Defendants were granted leave from the trial court to file a third-party complaint against Calder for negligence in conducting the survey.

The trial court granted a rescission of the sale contract from defendants to the Klingers and a summary judgment dismissal to Calder on the basis that the statute of limitation had run against defendants' third-party cause of action pursuant to Utah Code Ann. § 78–12–25(2) (1987). Defendants obtained a settlement with the Klingers subsequent to trial and before appeal; therefore, the only issues on appeal are (1) whether the trial court properly used summary judgment to dismiss the third-party claim, and (2) whether the trial court should have applied the discovery rule to toll the statute of limitation with regard to defendants' third-party claim against Calder.

## SUMMARY JUDGMENT

■ Defendants' first contention is that the trial court erroneously granted summary judgment to Calder because defendants' reliance upon the "discovery rule" raised an issue of fact that could not properly be disposed of through summary judgment. Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[1] The issue is whether the application of the discovery rule is a question of law or of fact.

■ The discovery rule determines when a cause of action accrues in certain actions. Under the discovery rule, a cause of action does not accrue and the statute of limitation does not begin to run until the plaintiff learns of or in the exercise of reasonable diligence should have learned of the facts which give rise to the cause of action.[2] The discovery rule functions as an exception to the normal application of a statute of limitation.[3] Whether the discovery rule applies to a cause of action is, like the statute of limitation, a question of law, not of fact.

■ Questions of law may be disposed of through summary judgment if there are no outstanding questions of material fact to

1. *Utah State Coalition of Senior Citizens v. Utah Power & Light Co.,* 776 P.2d 632, 634 (Utah 1989); *Geneva Pipe Co. v. S & H Ins. Co.,* 714 P.2d 648, 649 (Utah 1986).

2. *Brigham Young University v. Paulsen Construction Co.,* 744 P.2d 1370, 1373–74 (Utah 1987); *Hudesman v. Meriwether Leachman Associates, Inc.,* 35 Wash.App. 318, 321, 666 P.2d 937, 940 (1983); *Metropolitan Services, Inc. v. Spokane,* 32 Wash.App. 714, 720, 649 P.2d 642, 646 (1982).

3. *See generally Becton Dickinson & Co. v. Reese,* 668 P.2d 1254 (Utah 1983); *Myers v. McDonald,* 635 P.2d 84 (Utah 1981).

be discerned by the trier of fact.[4] Defendants' assertion that questions of fact existed with regard to whether the discovery rule should be applied to toll the applicable statute of limitation is erroneous. The trial court was therefore correct in ruling as a matter of law on the issue of whether the discovery rule should be applied to the applicable statute of limitation.

## APPLICABLE STATUTE OF LIMITATION

■ Defendants' third-party complaint states a cause of action for "negligence and failure of third-party defendants to properly survey and locate the subject property for survey." Defendants assert that their complaint states a cause of action in negligence, and yet they cite Utah Code Ann. § 78–12–26(3) (1987), which states, "Within three years: ... (3) an action for relief on the ground of fraud or mistake; except that the cause of action in such case does not accrue until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Section 78–12–26(3) and actions alleging fraud or mistake are usually based on a contract, not a negligence, cause of action. Indeed, Utah case law reveals that this section has been applied only to the reformation of contracts,[5] not to actions in negligence. We hold that section 78–12–26(3) is inapplicable to defendants' cause of action.

We note that Utah recognizes the theory of "negligent misrepresentation" with regard to surveyors.[6] No matter how the cause of action is characterized, whether in tort or contract, it would lapse under any other Utah statute of limitation without application of the discovery rule.

## DISCOVERY RULE

■ Defendants' second contention is that the trial court erred in refusing to apply the discovery rule to the statute of limitation applicable to their cause of action for surveyor negligence.[7] Because the issue of whether the discovery rule applies to toll the statute of limitation is a question of law, we need show no deference to the trial court's ruling on appeal, but we review it for correctness.[8]

Observing how the discovery rule is applied nationally to the issue of surveyor negligence or breach of contract does not indicate any dispositive national trend. A number of jurisdictions have applied the discovery rule to surveyor negligence,[9]

---

4. Utah R.Civ.P. 56(c).

5. *See Bench v. Pace,* 538 P.2d 180 (Utah 1975); *Reese Howell Co. v. Brown,* 48 Utah 142, 158 P. 684 (1916).

6. *Price-Orem Investment Co. v. Rollins, Brown and Gunnell, Inc.,* 713 P.2d 55, 59–60 (Utah 1986).

7. The trial court applied Utah Code Ann. § 78–12–25(2), which states, "Within four years: ... (2) an action for relief not otherwise provided for by law." The trial court found that a cause of action for surveyor negligence did not fall specifically under any existing Utah statute. We note that subsequent to the filing of this action, the Utah legislature amended Utah Code Ann. § 78–12–25.5 (Supp.1989) and created subsection (1)(b), which states: "In an action regarding property boundary surveys, the seven-year time period commences when the property survey is either recorded in the county recorder's office or filed in the county surveyor's office under Section 17–23–17."

8. *Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist,* 773 P.2d 1382, 1385 (Utah 1989).

9. *See Cristich v. Allen Engineering, Inc.,* 458 So.2d 76 (Fla.App.1984) (discovery rule implied where court did not apply the statute of limitation for surveyor negligence until the error had been discovered as directed by the statute); *Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969) (where the facts and statute are essentially on point with the present case, the court found that the discovery rule applied) (as modified on denial of rehearing); *Raffel v. Perley,* 14 Mass.App. 242, 437 N.E.2d 1082 (1982) (trial court's dismissal reversed on grounds that plaintiff should have been able to present evidence that claims for relief did not accrue until plaintiff discovered error in survey); *E.A. Williams, Inc. v. Russo Development Corp.,* 82 N.J. 160, 411 A.2d 697 (1980) (where survey was performed in 1954, cause of action did not accrue until plaintiff discovered error in 1972); *New Market Poultry Farms, Inc. v. Fellows,* 51 N.J. 419, 241 A.2d 633 (1968) (court held that discovery rule applied where surveyor conducted an erroneous survey in 1952 that was not discovered until 1963); *Hudesman v. Meriwether Leachman Associates, Inc.,* 35 Wash.App. 318, 666 P.2d 937 (1983) (confirming discovery rule for surveyor negligence established in *Kundahl*); *Kundahl v. Barnett,* 5 Wash.App. 227, 486 P.2d 1164 (1971)

while others have rejected it.[10] Legislative enactments are even more widespread.[11]

Some arguments in favor of applying the discovery rule to cases of surveyor negligence include the following: (1) an innocent reliant party should not carry the burden of a surveyor's professional mistakes;[12] (2) "recovery ... by a reliant user whose ultimate use was foreseeable will promote cautionary techiques [sic] among surveyors";[13] (3) "[t]he passage of time does not entail the danger of a fraudulent, false, frivolous, speculative or uncertain claim.... Further, under the said facts it does not appear possible that by reason of the passage of time [the] defendant's testimonial proof of a defense would be made more difficult";[14] (4) it is illogical to re-quire the plaintiff to hire two or three surveyors to assure that the first survey is correct;[15] (5) strict application of the statute of limitation would be unjust;[16] and (6) the plaintiff lacks the means or ability to ascertain that a wrong has been committed.[17]

Arguments in opposition to application of the discovery rule in surveyor negligence cases include (1) "the onerousness of potential liability continuing throughout one's professional life, the prejudice wrought by the passage of time not only in terms of defending against claims but also in factually ascertaining the true cause or causes of injuries";[18] and (2) "mere ignorance of the existence of a cause of action does not prevent the running of the statute of limi-

(action against land surveyor for negligence in making survey did not accrue until injured party discovered or had reasonable grounds to discover error in survey).

10. *See Lembert v. Gilmore,* 312 A.2d 335 (Del.Super.1973) (court viewed cause of action as one in contract and held that cause accrued when contract was breached, i.e., when the stakes were erroneously placed by the surveyor); *Howell v. Betts,* 211 Tenn. 134, 362 S.W.2d 924 (1962) (where survey was performed in 1934 and error was discovered in 1958, court found time too remote to hold a surveyor liable).

11. *See* Ark.Stat.Ann. § 16–56–112 (1987) (five-year statute of limitation from substantial completion of the project); Cal.Civ.P.Code §§ 337.-1(a), 337.15(a) (West 1982) (section 337.1(a)—four-year patent survey defect; section 337.15(a)—ten-year latent survey defect); Colo.Rev.Stat. § 13–80–105 (1987) (within three years after discovery, ten-year statute of repose); Del.Code Ann. tit. 10 § 8122 (1974) (to mark and bound lands, seven years from the date of return of commissions); Ill.Rev.Stat. ch. 110, ¶ 13–222 (1984) (four years from the date plaintiff knew or should have known of the erroneous survey); Md.Cts. & Jud.Proc.Code Ann. § 5–112 (1989) (three years after discovery or twenty-year statute of repose, whichever occurs first); Mich. Comp.Laws § 600.5838 (1987) (accrues when professional relationship ends or must be brought within six months of discovery); Minn. Stat. § 541.052 (1988) (two years after discovery or ten-year statute of repose, whichever occurs first); Mo.Rev.Stat. § 516.098 (1986) (five years after date of discovery of surveyor negligence); Mont.Code Ann. § 27–2–208 (1988) (ten years after completion of the project but may be applicable only to projects for construction or improvements); Or.Rev.Stat. § 12.135 (1987) (ten years after completion but may be applica-ble to projects for construction or improvements only); Pa.Stat.Ann. tit. 42, § 5537 (Purdon 1981 & Supp.1989) (four years from date of discovery but in no event later than twenty-one years); Tenn.Code Ann. § 28–3–114 (1980) (four years from the date survey is recorded on plat); Tex.Civ.Prac. & Rem.Code Ann. § 16.011 (Vernon Supp.1990) (ten years after the date survey is complete); Wash.Rev.Code § 4.16.310 (1989) (six years after completion but may be limited to improvements and construction); W.Va.Code § 55–2–6a (1981 & Supp.1989) (ten years after owner accepts or occupies, but may be limited to improvements and construction only); Wis. Stat. § 893.37 (1987–1988) (six years after completion of the survey).

12. *Rozny,* 250 N.E.2d at 663.

13. *Id.*

14. *New Market Poultry Farms,* 241 A.2d at 636.

15. *Kundahl,* 486 P.2d at 1167.

16. *Id.; see also E.A. Williams, Inc.,* 411 A.2d at 700; *Myers v. McDonald,* 635 P.2d 84, 87 (Utah 1981).

17. *Hudesman,* 666 P.2d at 940 (citing *U.S. Oil & Refining Co. v. Department of Ecology,* 96 Wash.2d 85, 92, 633 P.2d 1329, 1334 (1981)); *see also Myers,* 635 P.2d at 87.

18. *E.A. Williams, Inc.,* 411 A.2d at 701; *see also Howell,* 362 S.W.2d at 926 (citing *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441 (1931)); *Becton Dickinson & Co. v. Reese,* 668 P.2d 1254, 1257 (Utah 1983) (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)); *Myers,* 635 P.2d at 87.

tations." [19]

Because compelling arguments exist on both sides regarding the applicability or inapplicability of the discovery rule, we must seek a way to balance the interests of each party: In *Myers*, we listed three circumstances under which the discovery rule should be applied and we adopted a balancing test for application of the rule. The three circumstances set out in *Myers* whereby this Court will apply the discovery rule are where (1) the legislature has adopted the discovery rule by statute; (2) there is proof of concealment or misleading by the defendant; and (3) application of the general statute of limitation rule would be irrational or unjust.[20] Defendants do not assert either of the first two parts of the test, but they do seek an equitable ruling as to whether the application of the discovery rule would prevent an irrational or unjust result.

In *Myers*, we applied the balancing test to evaluate whether the application of the discovery rule would be irrational or unjust. The plaintiffs in *Myers* were guardians of a minor who was killed in an automobile accident. However, they were unable to discover that the victim was their ward until after the statute of limitation for wrongful death had run. We held that the discovery rule should be applied where "[t]he hardship the statute of limitations would impose on the plaintiff in the circumstances of [the] case outweighed any prejudice to the defendant from difficulties of proof caused by the passage of time."[21] This balancing test is a question of law.[22]

Applying the balancing test to the present case, we find the obvious prejudice to defendants is that without application of the discovery rule, their cause of action is completely barred regardless of whether their complaint is in contract or in tort. This is so despite the fact that there are no equities that weigh against them. They had no reason to suspect that the survey was inaccurate, nor did they refrain from doing anything that might reasonably have been expected of them that could have disclosed the error. On the other hand, the prejudice to defendants is that the record reflects that no survey records or notes are available after fourteen years and, presumably, the memories of the members of the survey party have dimmed. The only existing record of the survey is the survey certificate signed by third-party defendant Glen H. Calder that specifies the boundaries of the property. While the record reflects that Calder himself may not have been a member of the survey party, as signor on the survey certificate he is responsible for its content, is still actively engaged in the practice of surveying, and is available for testimony.

Utilizing the balancing test and being conscious of the purposes of statutes of limitation, we hold that under the facts of this case the evidence is not so stale or remote as to outweigh the prejudice to defendants of having their claim barred by the statute of limitation. The discovery rule should be applied to the statute of limitation for surveyor negligence under Utah Code Ann. § 78-12-25(2).

The ruling of the trial court in favor of summary judgment for third-party defendants is reversed, and the case is remanded for further proceedings consistent with our decision.

DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice: (concurring)

I concur but write to observe that the application of the discovery rule here is consistent with the application of the discovery rule in a case of alleged medical malpractice, *Christiansen v. Rees*, 20 Utah 2d 199, 436 P.2d 435 (1968) (broken surgical needle left in body). Since that decision, the legislature has enacted Utah Code Ann. § 78-14-4, shortening the period in which a

**19.** *Myers*, 635 P.2d at 86 (citing *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974)).

**20.** *Id.* at 86.

**21.** *Id.* at 87.

**22.** *Id.*

malpractice action may be brought against a health care provider to two years (subject to exceptions) after the patient discovers, or should discover, his injury, but not to exceed four years after the date of the alleged act, omission, neglect, or occurrence. No similar enactment has been made by the legislature with regard to alleged surveyor malpractice such as we are confronted with in the instant case. Thus the discovery rule adopted in *Christiansen v. Rees* would seem to be applicable here. Our action is also consistent with the application of the discovery rule in a legal malpractice action decided recently by our Court of Appeals, *Merkley v. Beaslin*, 778 P.2d 16 (Utah Ct.App.1989).

STEWART, J., concurs in the result.