[No. 29819. Department One. July 13, 1946.]

LEON T. HUTTON et al., Respondents, v. THE STATE OF WASHINGTON, Appellant.[1]

The Attorney General and Jess N. Rosenberg, Assistant, for appellant.

Kathreen Mechem, for respondents.

Skeel, McKelvy, Henke, Evenson & Uhlmann and Altha Perry Curry, amici curiae.

MALLERY, J.—The state of Washington filed a tax warrant against Joe A. Martin in the office of the county clerk of King county, on April 18, 1936. Martin acquired title to the realty which is the subject of this action, on January 28, 1941, by a conveyance to Martin and wife from Emma C. Boub (Mrs. James Davis). The Martins conveyed the property to Elsie Cook, a widow, on November 9, 1944, and Mrs. Cook conveyed it to the plaintiffs herein on January 24, 1945.

[1] Reported in 171 P. (2d) 248.

Plaintiffs commenced this action alleging the above facts and that more than six years had elapsed since the filing of the tax warrant and asked for judgment that the state of Washington has no interest in the realty. The state of Washington demurred and, its demurrer having been overruled, made answer, whereupon the trial court granted judgment to plaintiffs upon the pleadings. From this judgment, the state of Washington has appealed.

The warrant statute, Rem. Rev. Stat. (Sup.), § 8370-202 [P.P.C. § 962-35], provides:

"If any tax, increase or penalty imposed by this act, or any portion of such tax, increase or penalty is not paid within fifteen days after the same shall become due, the tax commission shall issue a warrant under its official seal directed to the sheriff of any county of the state, commanding him to levy upon and sell the real and/or personal property of the taxpayer found within his county, or so much thereof as may be necessary, for the payment of the amount of such warrant, together with interest thereon at the rate of one per cent of the amount of such warrant for each thirty days or portion thereof after the date of such warrant, plus the cost of executing said warrant, and return such warrant to the tax commission and pay to it the money collected by virtue thereof within sixty days after the receipt of such warrant. If, however, the tax commission in its discretion believes that a taxpayer subject to the provisions of this act is about to cease business, leave the state or remove or dissipate the assets out of which taxes or penalties might be satisfied and that any tax or penalty imposed under this act will not be paid when due, it may declare such tax or penalty to be immediately due and payable and may issue a warrant immediately.

"The sheriff, within thirty days after the receipt of said warrant, shall file with the clerk of the superior court of his county a copy thereof, and thereupon *the clerk shall enter in the judgment docket, the name of the taxpayer mentioned in the* warrant and in appropriate columns the amount of the tax or portion thereof and any increases and penalties for which the warrant is issued *and the date when such copy is filed, and thereupon the amount of such warrant so docketed shall become a lien,* prior to all other liens except prior tax liens, upon all goods, wares, merchandise, fixtures, equipment or other personal property used in the conduct of the business of the taxpayer against whom such warrant

is issued *and no sale or transfer of such personal property shall in any way affect such lien. The amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property of the taxpayer against whom it is issued and shall be the same as a judgment in a civil case duly docketed in the office of such clerk,* and the sheriff shall thereupon proceed upon the same in all respects and with like effect as prescribed by law with respect to executions or other process issued against rights or property upon judgments of said superior court. . . ." (Italics ours.)

We must determine the meaning and effect of this particular language in the statute. "The amount of such warrant . . . shall become a lien upon the title to . . . real . . . property of the taxpayer . . . the same as a judgment in a civil case."

At the outset, we observe that the amount of the warrant becomes a lien (a statutory one) and not a judgment (the merits of the tax can still be tried), and further that the lien is the same as the lien of a judgment. That is to say, a statutory lien is created by reference to the terms of another statutory lien.

The judgment lien in this state exists by virtue of chapter 60, p. 56, Laws of 1929 (Rem. Rev. Stat., §§ 445, 459 [P.P.C. §§ 68-1, 68-13]), the pertinent provisions of which are as follows:

"§ 445. Judgment lien. The real estate of any judgment debtor, and such as he may acquire, not exempt by law, shall be held and bound to satisfy any judgment, . . . and every such judgment shall be a lien thereupon to commence as hereinafter provided and to run for a period of not to exceed six years from the day on which such judgment was rendered."

"§ 459. Judgment lien expires when. After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor."

By reference to these statutes, the lien of the warrant would be good for six years. But the appellant contends a tax warrant is not a judgment, and the lien of such a war-

rant cannot expire with the passage of time as does a judgment lien, and that respondents in this cause predicate a claim of right upon the lapse of time and attempt to assert it against the state of Washington contrary to the express provisions of the statute. This statute, Rem. Rev. Stat., § 167 [P.P.C. § 73-27], relating to the limitation of actions, contains this language:

"There shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: . . ."

Therefore, contends the appellant, if the judgment of the trial court in the case at bar is allowed to stand, a claim of right predicated upon the lapse of time will have been successfully asserted against the state of Washington, in contravention of the clear provision of statute.

We must determine whether the termination of the lien right results from the terms of a statute which is in the nature of a statute of limitations, which would invoke the terms of Rem. Rev. Stat., § 167.

In 2 Freeman on Judgments (5th ed.) 2108, § 1013, it is stated:

"In considering the effect of statutes fixing the duration of judgment liens, it is necessary to bear in mind that they are generally regarded not as mere statutes of limitation, procedural in their nature, but rather as positive limitations on the substantive right."

See, also, *Roche v. McDonald*, 136 Wash. 322, 239 Pac. 1015, 44 A. L. R. 444. In *United States v. Harpootlian*, 24 F. (2d) 646, the court, speaking of the duration of a judgment lien under the New York judgment lien statute, stated:

"The provision of the Civil Practice Act of the state of New York which creates the lien *provides in express terms the period of its existence*. It is not a statute of limitations upon a right of action, which may be of no avail against a sovereign. The provision of the Civil Practice Act fixes a period of time within which a party having a judgment may follow the defendant's real estate into the hands of grantees, or his personal property by execution. Failing to avail himself of such privilege within the time fixed, the right expires,

and he must enforce his judgment, if at all, by some other method of levy and sale upon such property as he can find belonging to the judgment debtor, unaided by statutory lien.

". . . The doctrine of governmental immunity in the statute of limitations does not apply, and when the time of lien lapsed, within the terms of its grant, the government is in the same position as a private litigant." (Italics ours.)

In *Smith v. Toman,* 368 Ill. 414, 14 N. E. (2d) 478, 118 A. L. R. 924, the court affirmed a decree enjoining a sale under execution upon a judgment in favor of the· state against plaintiff's grantor for personal property taxes. In holding that the state's rights endured for the period of the judgment lien statute, the court said:

"It is only by force of section 1 of our Judgments act that this judgment became a lien on appellee's land, and its existence is limited to one year, if the statute is not complied with. *The duration of the lien is an integral part of the statute creating it.* Appellants contend that the provision for the termination of the lien within a year if no execution is issued, is a statute of limitation and therefore not binding on the State. . . .

"Statutes of limitation relate to the question of remedy by fixing a time within which a suit must be brought. *Those statutes which create a substantive right unknown to the common law and* in which time is made an inherent element of the right so created, are not statutes of limitation. Section 1 of the Judgments act is such a statute." (Italics ours.)

The supreme court of the United States has adopted the view that a statute limiting the time in which executions may be issued is not a statute of limitations, but grants a privilege which must be exercised within the specified time and is binding on the United States as a judgment creditor. *Custer v. McCutcheon,* 283 U. S. 514, 75 L. Ed. 1239, 51 S. Ct. 530.

The distinction between the period of a substantive right or cause of action and a specified period of time during which certain provisional remedies may be invoked and after which they are no longer available, has been made by the cases cited.

A statute creating a lien right for a definite length of time only, is something that is in addition to the cause of action or substantive right in question and is not a statute of limitations, because it does not exist outside of the period during which it is conferred.

The lien here in question may not be invoked outside of the period during which it is conferred by the statute. This is not because of a statute of limitations that would be overcome by Rem. Rev. Stat., § 167, but because, outside of the terms of the statute creating the lien, no lien exists.

The judgment is affirmed.

BEALS, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.