[No. 5827–8–II.   Division Two.   December 30, 1983.]

JAMES M. DONOVAN, ET AL, *Appellants,* v. ELVIN
S. PRUITT, ET AL, *Respondents.*

*James B. Finlay,* for appellants.

*August F. Hahn,* for respondents.

PETRIE, J.—Plaintiffs, James M. and John E. Donovan, appeal a judgment dismissing their complaint for damages filed in December 1980 against defendant, Elvin S. Pruitt. We affirm the judgment of dismissal.

Defendant, a building contractor, constructed a specula-

tion house for resale on a hillside overlooking the Columbia River. He completed the house in 1973, and plaintiffs, its first purchasers and occupants, bought it in May 1975. Plaintiffs filed this action in December 1980, seeking damages for faulty construction of the foundation of the house. The trial court found that the foundation of the residence was inadequate and the cost of repairs exceeded $6,000. Though the court found that defendant breached "an implied warranty of fitness for use," the court dismissed the claim for failure to commence the action within the time prescribed by the statute of limitations.

On appeal, plaintiffs contend the trial court erred (1) by failing to hold that the implied warranty of habitability arose out of a written contract and, thus, was governed by the 6-year statute of limitations, RCW 4.16.040(1); (2) by failing to hold, alternatively, that the action was governed by RCW 4.16.300–.320 pertaining to claims arising from construction of improvements upon real property; and (3) by failing to hold that defendant was estopped from pleading the statute of limitations. We hold that the trial court correctly ruled that the implied warranty of habitability does not arise out of the written contract evidencing the sale and, accordingly, is not subject to the 6-year statute of limitations governing such actions. Further, we hold that RCW 4.16.310 is a statute limiting the time for *accrual* of actions against the builder (or other parties named in RCW 4.16.300); that the applicable statute of limitations had run prior to commencement of the action; and that defendant was not estopped from pleading a defense of the statute of limitations. Accordingly, we affirm the judgment.

We start our analysis with the legal principle enunciated in *House v. Thornton,* 76 Wn.2d 428, 436, 457 P.2d 199 (1969), that

> when a vendor–builder sells a new house to its first intended occupant, he impliedly warrants that the foundations supporting it are firm and secure and that the house is structurally safe for the buyer's intended purpose of living in it.

In the case at bench, the house was completed by defendant in 1973, and in 1975 plaintiffs were its first purchasers. When the sale was completed in May 1975, defendant impliedly warranted the fitness of the house for occupancy as a residence. *House v. Thornton, supra.* Subsequent developments revealed that the house was not so fit. Plaintiffs soon discovered substantial defects. As indicated by the trial court's unchallenged finding, "In the fall, 1975, and into early 1976, Plaintiffs ascertained that the doors to the residence would not close properly and that the floor appeared to be sagging or sloped."

When plaintiffs confronted defendant he "said he would inspect the problem." Indeed, he did attempt repair in the spring of 1976 "by raising the house by use of a jack and putting a wood chip in." These efforts failed to solve the problem of the defective foundation, and in December 1979 plaintiffs had the foundation properly repaired. Thus, defendant quite obviously breached the warranty of fitness to plaintiffs' damage.

We consider then the question of when this cause of action accrued. Plaintiffs contend the answer to that question lies in RCW 4.16.300–.320. Those statutes declare unequivocally that they "apply to all claims or causes of action of any kind . . ." against a person who constructed "any improvement upon real property." RCW 4.16.300. Further, RCW 4.16.310 provides:

> All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. *Any cause of action which has not accrued within six years after such substantial completion of construction,* or within six years after such termination of services, whichever is later, *shall be*

*barred*: *Provided,* That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues.

(Italics ours.)

██ This statute is not truly a statute of limitations in the normal sense of the term. It provides an absolute bar to the commencement of any action which has not accrued within 6 years of substantial completion of construction. *Rodriguez v. Niemeyer,* 23 Wn. App. 398, 595 P.2d 952 (1979). As such, it provides a time period in which the cause of action must *accrue*—not a time period from accrual to commencement of the action. Thus, it is more properly designated as a "statute of abrogation," *see Bouser v. Lincoln Park,* 83 Mich. App. 167, 268 N.W.2d 332 (1978); or a "statute of repose." *See Heath v. Sears, Roebuck & Co.,* 123 N.H. 512, 464 A.2d 288 (1983) (holding unconstitutional a legislatively attempted limitation on accrual of a cause of action).

Under the foregoing fact pattern, plaintiffs' cause of action accrued at least by the spring of 1976, well within the time frame contemplated by RCW 4.16.310. Accordingly, plaintiffs' cause of action was not barred by its failure to accrue within 6 years of substantial completion of the house. As the trial court cogently observed, RCW 4.16.310 "appears to be inapplicable." Indeed, the 6–year limitation on accrual has no bearing whatsoever on the issues in the case at bench. The action accrued at least by the spring of 1976, well within 6 years of completion of the building.

The more burdensome issue requires a determination of "the applicable statute of limitation" which began to run *from that time forward.* RCW 4.16.310. Plaintiffs contend the 6–year statute, RCW 4.16.040(1), applies because this is an "action upon a contract in writing, or *liability* express or *implied* arising out of a written agreement." We disagree.

██ Again, we turn to *House v. Thornton, supra.* There, the court held that it was the *sale* of the new house to its first intended occupant that created the implied warranty.

In *Berg v. Stromme,* 79 Wn.2d 184, 196, 484 P.2d 380 (1971), the court explained that in *House v. Thornton* the court had

> imposed a *rule of strict liability* holding the builder–seller to the principle that *he was under a duty* to supply a structure adequate in foundation and supporting terrain to be used by the buyer for the purposes for which the house and lot had been sold.

(Italics ours.)

Furthermore, our previous opinion in *Gay v. Cornwall,* 6 Wn. App. 595, 494 P.2d 1371 (1972) held that there need not be any privity between the original vendor–builder and the first occupant to establish the implied warranty. In effect, we held that the warranty did not arise out of any document evidencing the sale; rather, it came into existence by operation of law by virtue of a common law duty of strict liability that the builder–seller owed to the first purchaser–occupant.

In *Bicknell v. Garrett,* 1 Wn.2d 564, 96 P.2d 592, 126 A.L.R. 258 (1939), the court declared that not every liability contractual in nature is governed by this 6–year statute. The court explained that the statute applies to

> liabilities which are either expressly stated in a written agreement or which follow by natural and reasonable implication from the promissory language of the agreement, as distinguished from liabilities created by fictional processes of the law or imported into the agreement from some external source.

*Bicknell v. Garrett,* 1 Wn.2d at 571.

We conclude that the "applicable statute of limitation," as contemplated by RCW 4.16.310, is not founded upon the 6–year "contract in writing" statute, RCW 4.16.040(1). Historically, the action was judicially created as a policy matter to meet a felt need to protect new home purchasers from the ruinous potentialities caused by construction defects "which vitally affect the structural stability or preclude the occupancy of the building", *House v. Thornton,* 76 Wn.2d at 434, even in the absence of any fraud or deceit by the

vendor–builder. We need not decide whether the applicable statute of limitations is the 3–year statute, RCW 4.16-.080(2) or the 2–year statute, RCW 4.16.130.[1] Because this action was not filed until December 1980, more than 3 years after the action accrued, we hold it was not timely filed, unless it can be said that defendant was estopped from pleading the statute.

Estoppel precludes a defendant from asserting the statute of limitations when his actions have *fraudulently* or *inequitably* invited a plaintiff to delay commencing legal action until the relevant statute of limitations has expired. *Central Heat, Inc. v. Daily Olympian, Inc.*, 74 Wn.2d 126, 443 P.2d 544, 44 A.L.R.3d 750 (1968).

In the case at bench, the trial court noted, "[t]here is no evidence either party knew of the statute of limitations." Accordingly, it can hardly be said that defendants' failure to undertake repairs (except for the one unsatisfactory effort) was an intentional effort to cause plaintiffs to delay commencement of this action. Accordingly, there was no *fraudulent* resort to the statute of limitations as a defense.

Further, the trial court determined, without having expressly so stated, that defendants' failure to effect repairs did not *inequitably* invite plaintiffs to delay suing them. The court did, however, expressly find that plaintiffs failed to sustain their burden of proving that they had used due diligence which would justify an unreasonable suspension of the statute of limitations. We will not disturb that finding.

Judgment affirmed.

PETRICH, C.J., and WORSWICK, J., concur.

---

[1] RCW 4.16.080(2) is applicable to injury to "rights of another not hereinafter enumerated;" and RCW 4.16.130 is applicable to actions "for relief not hereinbefore provided for".