103 Wn.2d 111 (1984)
691 P.2d 178
BELLEVUE SCHOOL DISTRICT NO. 405, Appellant,
v.
BRAZIER CONSTRUCTION COMPANY, Defendant, R.F. BARKSHIRE CONSTRUCTION COMPANY, INC., ET AL, Respondents.
No. 49099-6.
The Supreme Court of Washington, En Banc.
November 7, 1984.
Foster, Pepper & Riviera, Marco J. Magnano, Jr., David C. Anderson, and John H. Pierce, for appellant.
Robert P. Piper, Mary Ellen Hanley, Philip A. Talmadge, and Anthony R. Winchester (of Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.), Sam E. Baker, Jr. (of Oles, Morrison, Rinker, Stanislaw & Ashbaugh), Philip T. Hutchinson (of Casey, Pruzan & Kovarik), and Martin E. Snodgrass (of Keller, Jacobson, Hole, Jackson & Snodgrass), for respondents R.F. Barkshire Construction Co., et al.
Donald C. Harrison, for respondent General Insurance Co.
Basil L. Badley, Edward L. Mueller, William T. Robinson, and Brian L. McEachron, amici curiae for respondents.
DORE, J.
In our first consideration of Bellevue Sch. Dist. 405 v. Brazier Constr. Co., 100 Wn.2d 776, 675 P.2d *113 232 (1984), we reversed the summary judgment of the trial court and remanded for trial. Subsequently a rehearing was granted and a reargument before this court ensued. We reaffirm our earlier holding, but take this opportunity to also respond to issues raised on reconsideration.
Plaintiff Bellevue School District filed this action for breach of construction contracts in connection with the construction from 1963 to 1965 of Newport High School. The complaint alleged design and construction defects generally relating to sufficiency of structural support in the building walls and failure to adequately secure the roofs of the buildings to the walls.
Defendants moved for summary judgment, arguing plaintiff's claim was barred by RCW 4.16.310,[1] which limits actions based on construction contracts to those which accrue within 6 years of substantial completion of construction. The Superior Court granted defendants' motion for summary judgment of dismissal and made the following findings:
2. [The school district's] complaint and the claims and causes of action asserted therein against moving defendants are barred by RCW 4.16.300-.310.
3. The plaintiff school district is a municipal corporation.
4. Plaintiff did not bring this action for the benefit of the state.
5. There is no rational distinction between an action of this character initiated by a school district and one initiated *114 by a private party under similar circumstances; and there is thus no reason to apply a different time within which the School District must bring its action.
6. Application of RCW 4.16.160 to permit an action by a school district which would otherwise be barred by RCW 4.16.300-.310 is unconstitutional under the equal protection clauses of the State and the Federal Constitutions.
We reverse. This action, brought by the Bellevue School District on behalf of the State, cannot be subject to the running of any limitation period, and equal protection analysis has no applicability where the State, in its sovereign capacity, has not waived its immunity with respect to limitation periods.

STATE IMMUNITY FROM LIMITATION PERIODS
[1] The State, acting in its sovereign capacity, is immune from the application of limitation periods to actions brought for the benefit of the State. Tacoma v. Hyster Co., 93 Wn.2d 815, 821, 613 P.2d 784 (1980). This immunity from operation of statutes of limitation has existed as an element of the common law from a very early period. In United States v. Thompson, 98 U.S. 486, 489-90, 25 L.Ed. 194 (1878), we find the following examination of the subject:
The common law fixed no time as to the bringing of actions. Limitations derive their authority from statutes. The king was held never to be included, unless expressly named. No laches was imputable to him. These exemptions were founded upon considerations of public policy. It was deemed important that, while the sovereign was engrossed by the cares and duties of his office, the public should not suffer by the negligence of his servants. "In a representative government, where the people do not and cannot act in a body, where their power is delegated to others, and must of necessity be exercised by them, if exercised at all, the reason for applying these principles is equally cogent."
When the colonies achieved their independence, each one took these prerogatives, which had belonged to the crown; and when the national Constitution was adopted, *115 they were imparted to the new government as incidents of the sovereignty thus created. It is an exception equally applicable to all governments.
This common law principle has been codified by the Legislature in RCW 4.16.160:
The limitations prescribed in this chapter shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: Provided, That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state ...
(Italics ours.) This codification has existed without exception for over 100 years in this state. See Laws of 1955, ch. 43, § 2, p. 334; Laws of 1903, ch. 24, § 1, p. 26; Laws of 1873, §§ 34, 35, p. 10; Laws of 1869, §§ 34, 35, p. 10; Laws of 1854, § 9, p. 364; see also Rem. Rev. Stat. § 167.
It is well settled that school districts act on behalf of the State when they build and maintain school buildings. See, e.g., Seattle Sch. Dist. 1 v. State, 90 Wn.2d 476, 585 P.2d 71 (1978); State ex rel. DuPont-Fort Lewis Sch. Dist. 7 v. Bruno, 62 Wn.2d 790, 384 P.2d 608 (1963); Edmonds Sch. Dist. 15 v. Mountlake Terrace, 77 Wn.2d 609, 465 P.2d 177 (1970). Accord, Unified Sch. Dist. 490 v. Celotex Corp., 6 Kan. App.2d 346, 629 P.2d 196 (1981); Dunn v. W.F. Jameson & Sons, Inc., 569 S.W.2d 799 (Tenn. 1978). Const. art. 9, § 1 imposes upon the State the paramount duty of making adequate provision for the education of all children residing within its borders. Seattle Sch. Dist., at 512; State ex rel. DuPont-Fort Lewis, at 795.
Education is one of the paramount duties of the state. The duty and power to educate the people are not only inherent qualities of sovereignty but are expressly made an attribute of sovereignty in the state of Washington by the state constitution. Const. art. 9, §§ 1, 2. The state exercises its sovereign powers and fulfills its duties of providing education largely by means of a public school system under the direction and administration of the State Superintendent of Public Instruction, State Board *116 of Education, school districts and county school boards.
School districts are, in law, municipal corporations with direct authority to establish, maintain and operate public schools and to erect and maintain buildings for that and allied purposes. RCW 28.58. In essence, a school district is a corporate arm of the state established as a means of carrying out the state's constitutional duties (RCW 28.57.135) and exercising the sovereign's powers in providing education. The state has thus made the local school district its corporate agency for the administration of a constitutionally required system of free public education.
Edmonds Sch. Dist. 15, at 611-12.
The present action, brought by the Bellevue School District on behalf of the State, cannot be subjected to the running of any limitation period. This principle is well summarized by the Kansas court in Unified Sch. Dist. 490 v. Celotex Corp., supra at 351:
Statutes of limitation do not run against the state when the action arises out of the performance of a governmental function. State ex rel. Schneider v. McAfee, 2 Kan. App.2d, 274, 275, 578 P.2d 281, rev. denied 225 Kan. 845 (1978); K.S.A. 60-521. The construction of a school building is incidental to and a part of the state's overall duty to provide public education for the citizens of the state. 2 Kan. App.2d at 276. The operation of a high school building by a school board is a governmental function. See Smith v. Board of Education, 204 Kan. 580, 584, 464 P.2d 571 (1970). Celotex argues that the reasoning behind Gorrell v. City of Parsons, 223 Kan. 645, 576 P.2d 616 (1978), should work to overrule decisions such as State ex rel. Schneider v. McAfee that have governmental immunity as their basis.... In any event, Gorrell and Thome v. City of Newton, 229 Kan. 375, 624 P.2d 454 (1981), each held a municipality subject to suit for certain tortious acts committed during the performance of a government function but their reasoning does not extend to imposition of time limitations upon public bodies for the institution of actions.
The foregoing aptly demonstrates that the Bellevue School District's claims are not properly barred by any statutory limitation period.

*117 NONCLAIM STATUTES
The defendants contend that even if the School District's action is within the confines of RCW 4.16.160, application of RCW 4.16.160 does not remove the School District's action from operation of RCW 4.16.310 because RCW 4.16.310 is not a statute of limitations but a "nonclaim statute". We disagree.
A judicially created exception to the rule of state immunity from operation of limitation periods is found in the unique nature of nonclaim statutes. Illustrations of nonclaim statutes in this state are those providing for liens of laborers and materialmen (RCW Title 60), liens of judgments (RCW 4.56), claims against estates of deceased persons (RCW 11.40), and claims for damages against municipal corporations (RCW 36.45).
Inherent in the nature of these nonclaim statutes is the creation of a right and an obligation to assert the right within a fixed time period or the right sought to be enforced will be barred. The "rights" created by nonclaim provisions are statutory rights that ordinarily would not exist without the existence of the nonclaim provision. The "obligation" is generally a duty to file a claim with the particular entity prior to the lapse of the statutory time period or the claim is barred. In Hutton v. State, 25 Wn.2d 402, 407, 171 P.2d 248 (1946), this court addressed the differing nature of judgment liens from statutes of limitation which permit their operation against the State.
A statute creating a lien right for a definite length of time only, is something that is in addition to the cause of action or substantive right in question and is not a statute of limitations, because it does not exist outside of the period during which it is conferred.
The court held that the statutory grant of the lien provided in express terms the period of its existence. It is only by force of the statute that the lien exists and the duration of the lien is an integral part of the statute creating it. Those statutes which create a substantive right unknown to the common law and in which time is made an inherent element *118 of the right so created, are not statutes of limitation. Hutton, at 405-06.
This distinction between a statute of limitation and a nonclaim statute is carefully spelled out in Lane v. Department of Labor & Indus., 21 Wn.2d 420, 425-26, 151 P.2d 440 (1944):
There are two types of statutes which the courts had to apply. One of them is the statute which either by its plain terms or by the construction given it by the court makes the limitation of time inhere in the right or obligation rather than the remedy. It is sometimes referred to as a statute of nonclaim, and, strictly speaking, is not a statute of limitations at all. In its usual form the statute creates some right or obligation and a time is fixed within which the right must be asserted or the obligation sought to be enforced, or the same will be barred. When the limitation period expires, the right or obligation is extinguished and cannot be revived by a subsequent statute enlarging the time limitation. Illustrations of nonclaim statutes in this state are those providing for liens of laborers and materialmen, claims against estates of deceased persons, and claims for damages against municipal corporations.
...
The other type of statute is one which relates only to the remedy and has nothing to do with any right or obligation, does not inhere in either, and is wholly independent of them. It is a statute of limitations in its strict sense, and, although a remedy may become barred thereunder, the right or obligation is not extinguished. It is a statute of repose.
[2] The builder limitation statute, RCW 4.16.310, creates no new right, but merely defines a limitation period within which a claim ordinarily must accrue. Even without this statute, a common law right would still exist. See Comment, Limitation of Action Statutes for Architects and Builders  Blueprints for Non-Action, 18 Cath. U.L. Rev. 361 (1969).
The essential difference between RCW 4.16.310 and an ordinary statute of limitation is simply the point at which the limitation period begins to run. Builder statutes such as *119 RCW 4.16.310 arbitrarily define this point as the date of substantial completion of the construction project. Under conventional statutes of limitation, the period begins to run when the cause of action accrues. See RCW 4.16.010. Under RCW 4.16.310, the accrual period is defined by statute to exist for a period limited to 6 years from the date of substantial completion. The discovery rule, if applicable, for accrual of actions is limited to the 6-year period.
The fact that actions which fall within RCW 4.16.310 may also be subject to other periods of limitation does not transform this limitations statute into a nonclaim provision. With the recognition that under some circumstances causes of action for negligence or professional malpractice may not arise until discovery, the Legislature has responded by enacting statutes of limitations which require suit be filed within the shorter of two periods, one measured from the date of discovery and a second, longer period measured from the event giving rise to the cause of action. See, e.g., RCW 4.16.350 (actions against health care providers). RCW 4.16.310 enacts such a 2-step procedure: actions founded upon negligence or professional malpractice concerning improvements to real property must be filed within 2 or 3 years of discovery, depending on the type of action but, in any case, discovery must occur within 6 years of substantial completion of the improvement. This statute simply restricts the judicially created discovery rule with a 6-year overall bar. See New Meadows Holding Co. v. Washington Water Power Co., 102 Wn.2d 495, 687 P.2d 212 (1984).
An additional distinction between the builder limitation statute and nonclaim statutes is found in this court's reasons for permitting the operation of nonclaim provisions against the State.
The policy of the probate nonclaim statute is to limit in rem claims against the decedent's estate, expedite the settling of estates, and facilitate the distribution of decedent's property to the heirs and devisees. See State v. Evans, 143 Wash. 449, 255 P. 1035, 53 A.L.R. 564 (1927); Probate  Statutes of Non-Claim, 14 Wash. L. Rev. 58 (1939); State *120 ex rel. Cent. State Griffin Mem. Hosp. v. Reed, 493 P.2d 815, 818 (Okla. 1972); In re Estate of Randall, 166 Colo. 1, 7, 441 P.2d 153 (1968); State ex rel. State Bd. of Charities & Reform v. Bower, 362 P.2d 814, 822-23 (Wyo. 1961). This court has recognized that no good reason exists to allow the State to bring in rem claims against estates long after the nonclaim limitation period has expired. Clearly this would frustrate the policy of settling estates and distributing a decedent's property to designated heirs.
The policy of the builder limitation statute, RCW 4.16.310, is simply that of an ordinary statute of limitation, i.e., to prevent stale claims and place a reasonable time limitation on the personal liability exposure of construction industry defendants. Comment, Limitation of Action Statutes for Architects and Builders  Blueprints for Non-Action, 18 Cath. U.L. Rev. 361, 377 (1969). However, the Legislature has expressly instructed us that the State shall not be subject to the policies of preventing stale claims inherent in statutes of limitation. RCW 4.16.160. Absent express legislation directing otherwise, this action by the School District, for the benefit of the State, should not be barred by the limitation period of RCW 4.16.310.
Simply, RCW 4.16.310 does not create a substantive right or obligation and an inherent corresponding time period in which the right or obligation must be exercised. It is not a nonclaim statute.

STATUTORY CONSTRUCTION
Not only does RCW 4.16.310 fail to contain the elements of a nonclaim statute, ordinary rules of statutory construction require a holding that it be considered inapplicable to claims made on behalf of the State.
RCW 4.16.310 is not part of a statute creating a new substantive liability, but is codified in that portion of the code which sets out procedural limitations on the commencement of common law actions. RCW 4.16.310 is codified in RCW 4.16 whereas the aforementioned nonclaim provisions are codified in other chapters of the code. RCW *121 4.16.160 provides:
The limitations prescribed in this chapter shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: Provided, That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state ...
(Italics ours.)
This provision does not distinguish between statutes of limitation and nonclaim statutes, but applies to all limitations prescribed in RCW 4.16, which includes RCW 4.16.310. Even if we were to consider RCW 4.16.310 a nonclaim statute, its placement in RCW 4.16 requires that we hold the 6-year limitation period on accrual of causes of action does not operate against actions brought for the benefit of the State. In Bahr v. Zahm, 219 Ind. 297, 37 N.E.2d 942 (1941), the court cited the Washington decision of State v. Evans, 143 Wash. 449, 255 P. 1035, 53 A.L.R. 564 (1927) for the proposition that the State is not immune from the obligation to perform the conditions precedent in the Indiana probate nonclaim statute. The court further noted that the statutory provision relieving the State from statute of limitations has reference only to the limitation periods of the act of which it is a part. The subject nonclaim statute was found in a separate act of the Indiana code. Bahr, at 301-02.
Although RCW 4.16.310 does have the effect of barring causes of action that do not accrue within 6 years after substantial completion or termination of any of the specified services, it remains that RCW 4.16.310 is a limitation on the right to bring suit on construction claims of a certain age. See Rodriguez v. Niemeyer, 23 Wn. App. 398, 595 P.2d 952 (1979); Pinneo v. Stevens Pass, Inc., 14 Wn. App. 848, 545 P.2d 1207, review denied, 87 Wn.2d 1006 (1976); Comment, Limitation of Action Statutes for Architects and Builders  Blueprints for Non-Action, 18 Cath. U.L. Rev. *122 361 (1969). Within the language of RCW 4.16.310 itself is the express recognition that the provision is one of limitation. RCW 4.16.310 provides that "this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues." Because RCW 4.16.160 applies to all limitations contained in RCW 4.16, and RCW 4.16.310 is a limitation provision, the School District is entitled to maintain this action.

REPEAL BY IMPLICATION
Adoption of the defendants' argument would require that we find RCW 4.16.310 repeals by implication RCW 4.16.160 as it would otherwise apply to construction claims brought for the benefit of the State. This position has no support in the law. Authority is legion that implied repeals of statutes are disfavored and courts have a duty to interpret statutes so as to give them effect. U.S. Oil & Ref. Co. v. Department of Ecology, 96 Wn.2d 85, 633 P.2d 1329 (1981); Gross v. Lynnwood, 90 Wn.2d 395, 583 P.2d 1197, 96 A.L.R.3d 187 (1978); Ronken v. Board of Cy. Comm'rs, 89 Wn.2d 304, 572 P.2d 1 (1977).
In order to find that RCW 4.16.160 has been repealed by the enactment of 4.16.310, it must be established that:
(1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.
U.S. Oil & Ref. Co., at 88 (quoting In re Chi-Dooh Li, 79 Wn.2d 561, 563, 488 P.2d 259 (1971)); see also Walton v. Absher Constr. Co., 101 Wn.2d 238, 676 P.2d 1002 (1984).
There is no indication that RCW 4.16.310 was intended to supersede RCW 4.16.160 as it applies to construction claims brought for the benefit of the State. The Legislature must be presumed to have been aware that RCW 4.16.160 *123 was part of the law of Washington and would apply to RCW 4.16.310 to the same extent as it would apply to the other limitation periods contained in RCW 4.16. See Ronken, at 313. Therefore, RCW 4.16.160 must be given its explicit meaning  preventing any of the limitation periods of RCW 4.16 from running against actions, such as the present one, brought for the benefit of the State.
Since RCW 4.16.310 is clearly not intended to supersede RCW 4.16.160, the only way the latter could be repealed by the former, under the second part of the U.S. Oil & Ref. Co. test, would be if "the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction." U.S. Oil & Ref. Co., at 88.
[3] Clearly, the two statutes are neither inconsistent with, nor repugnant to, each other; one is, in fact, intended to modify the other. RCW 4.16.160 explicitly applies to all limitation periods contained in RCW 4.16 which is exactly where the Legislature placed the construction claims limitation statute, RCW 4.16.300-.310. Therefore, RCW 4.16.310 should not be held to repeal by implication RCW 4.16.160, and the latter statute should be given its meaning that no limitation periods will run against actions brought for the benefit of the State. Repeals by implication are not favored and will not be found to exist where earlier and later statutes may logically stand side by side and be held valid. In re Estate of Ratcliff, 25 Wn. App. 219, 223, 605 P.2d 1285 (1980).
This being the case, we hold that RCW 4.16.310 has no application to Bellevue School District's cause of action.

EQUAL PROTECTION
[4] Inherent in the common law concept of sovereign immunity  both from liability and from the operation of statutes of limitation  is that disputes involving the sovereign are treated differently from those involving only private parties. Yet this distinction has never been held to *124 deny equal protection of the laws. It is only when the sovereign waives its inherent immunity that distinctions become a problem. In Jenkins v. State, 85 Wn.2d 883, 890, 540 P.2d 1363 (1975), this court indicated that once sovereign immunity was eliminated, the rule of nullum tempus became inapplicable and the same rules applied to private and governmental entities unless there is a rational basis for the distinction:
Once sovereign immunity has been waived, even partially, any legislative classifications made with reference thereto will be constitutional only if they conform to the equal protection guarantees of the state and federal constitutions.
See also Hall v. Niemer, 97 Wn.2d 574, 649 P.2d 98 (1982).
In RCW 4.16.160, the Legislature simply reiterated the State's common law immunity from statutes of limitation. The State has never waived sovereign immunity with respect to the application of limitation periods when actions are brought in the name of, or for the benefit of, the State. Hence, equal protection analysis has no applicability.

CONCLUSION
We reaffirm our holding in Bellevue Sch. Dist. 405 v. Brazier Constr. Co., 100 Wn.2d 776, 675 P.2d 232 (1984). Because RCW 4.16.160 applies to all limitations contained in RCW 4.16, and RCW 4.16.310 is a limitation provision, we hold that the School District is entitled to maintain this action. As RCW 4.16.310 does not bar the School District's claim against the contractors, it is evident that RCW 4.16.310 has no application to the claim against the bond of General Insurance Company of America as surety for the contractors.
We reverse the summary judgment of the trial court in favor of the defendants and remand with instructions to proceed with trial on the merits.
WILLIAMS, C.J., and ROSELLINI, DIMMICK, and PEARSON, JJ., concur.
*125 DOLLIVER, J. (dissenting)
The majority and I are in full agreement that the State cannot be barred from seeking a remedy to an action it would otherwise be entitled to bring. RCW 4.16.160; Bellevue Sch. Dist. 405 v. Brazier Constr. Co., 100 Wn.2d 776, 675 P.2d 232 (1984). We also agree the school district was acting on behalf of the State when it built and maintained the building in question. The issue before the court is whether, under the facts in this case, any claim by the school district has arisen.
The majority first contends RCW 4.16.310 is not a nonclaim statute, but rather a "builder limitation statute". It goes on to state that the "essential difference between RCW 4.16.310 and an ordinary statute of limitation is simply the point at which the limitation period begins to run." Majority, at 118. The majority then transforms RCW 4.16.160 into a statute concerned not with the "limitations ... to actions" in existence but into a statute which also affects the limitation on when an action might arise. I disagree with this analysis.
The key issue in this case is not whether RCW 4.16.310 is designated as a statute of limitation, a nonclaim statute, a statute of abrogation (see Bouser v. Lincoln Park, 83 Mich. App. 167, 268 N.W.2d 332 (1978)), a "builder limitation statute", or something else. Rather, it is the nature of RCW 4.16.310: Does it bar the remedy only without extinguishing the underlying right or obligation; or does it extinguish the underlying right or obligation itself?
The majority attempts to distinguish RCW 4.16.310 from nonclaim statutes. Conceding for the sake of argument that RCW 4.16.310 is not a typical nonclaim statute (e.g., liens of laborers and materialmen, RCW Title 60; liens of judgments, RCW 4.56; claims against estates of deceased persons, RCW 11.40; claims for damages against municipal corporations, RCW 36.45), the question still remains as to whether it is a statute of limitation or a "limitation to actions" contemplated by RCW 4.16.160. It is the position of the majority that RCW 4.16.310 is simply another statute of limitation and

*126 recogni[zing] that under some circumstances causes of action for negligence or professional malpractice may not arise until discovery, the Legislature has responded by enacting statutes of limitations which require suit be filed within the shorter of two periods, one measured from the date of discovery and a second, longer period measured from the event giving rise to the cause of action.
Majority, at 119.
An analysis of RCW 4.16.310 does not bear out the majority's position. The statute is as follows:
All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred: Provided, That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues.
RCW 4.16.310 states a cause of action which has not accrued within the time specified shall be barred. The term "accrued" means "when the party has a `right to apply to a court for relief.'" U.S. Oil & Ref. Co. v. Department of Ecology, 96 Wn.2d 85, 91, 633 P.2d 1329 (1981) (quoting from Lybecker v. United Pac. Ins. Co., 67 Wn.2d 11, 15, 406 P.2d 945 (1965)). RCW 4.16.160 states there shall be no "limitation to actions brought in the name or for the benefit of the state...". Clearly, once a cause of action has arisen the State may not be barred from seeking its remedy  the effect of a statute of limitation. Lane v. Department of Labor & Indus., 21 Wn.2d 420, 151 P.2d 440 (1944).
*127 The majority asserts RCW 4.16.310 "creates no new right" (majority, at 118) and thus is distinguishable from the statutory right created by the nonclaim statutes. While this is true, the effect of RCW 4.16.310 is analogous to the nonclaim statute. It determines when an action shall accrue and thus when the "right" to apply for relief should occur. See Gazija v. Nicholas Jerns Co., 86 Wn.2d 215, 543 P.2d 338 (1975) (a cause of action has not accrued until plaintiff has discovered the injury or in the exercise of reasonable diligence should have discovered the injury). If an action is not brought within the 6-year period, there is no "right" to a cause of action. This is similar to the nonclaim statutes where, although the right is created by the statutes, unless the right is asserted within a fixed time the right is barred and never arises. Lane v. Department of Labor & Indus., supra.
RCW 4.16.310 is not, as the majority claims, simply another period of limitation. Under the terms of RCW 4.16.310, the effect of the failure to discover the defect within 6 years and thus have the cause of action accrue is to "not merely withhold the remedy, but to take away the very right of recovery...". State v. Evans, 143 Wash. 449, 452, 255 P. 1035, 53 A.L.R. 564 (1927). See also In re Rhodes, 196 Wash. 618, 83 P.2d 896 (1938). "Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred. . .". (Italics mine.) RCW 4.16.310. Whatever name the court chooses to give to RCW 4.16.310, it is not a statute of limitation which "relates only to the remedy". Lane v. Department of Labor & Indus., supra. "[I]t provides a time period in which the cause of action must accrue  not a time period from accrual to commencement of the action." Donovan v. Pruitt, 36 Wn. App. 324, 327, 674 P.2d 204 (1983).
The effect of a statute such as RCW 4.16.310 is well formulated by the Supreme Court of New Jersey in Rosenberg v. North Bergen, 61 N.J. 190, 199, 293 A.2d 662 (1972) in *128 which it construed a statute comparable to RCW 4.16.310:
[The statute] does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has no cause of action. The harm that has been done is damnum absque injuria  a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.
See also Regents of Univ. of Cal. v. Hartford Accident & Indem. Co., 21 Cal.3d 624, 644, 581 P.2d 197, 147 Cal. Rptr. 486 (1978) (Clark, J., concurring and dissenting); Reith v. County of Mountrail, 104 N.W.2d 667 (N.D. 1960).
On its face, RCW 4.16.160 refers not to a limitation on the accrual or right of an action but to a limitation on the action itself, i.e., on the remedy which might be sought after the action is in existence. In the language of RCW 4.16.160:
[T]here shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state ...
(Italics mine.) While I concur with the majority that the State is not subject to the policies of preventing stale claims inherent in statutes of limitation, this, of course, begs the question: Where, as here, no claim ever exists, then the policy of RCW 4.16.160 is inapposite.
It seems to me elementary that if no action exists it is irrelevant to be concerned about a limitation to the action. This court consistently has adhered to this position and also consistently has held nonclaim statutes apply to the State. Nothing in RCW 4.16.160 serves to allow the State to ignore the provisions of RCW 4.16.310. State v. Evans, supra; In re Rhodes, supra.
The correct interpretation of RCW 4.16.310 is: (1) If the claim or cause of action accrues within 6 years, then and only then will the applicable statute of limitation begin to *129 run. Thus, e.g., if the damage occurred during construction, was discovered 5 years after the substantial completion of construction, and the applicable statute of limitation was RCW 4.16.040, the action would have to be brought within 6 years of the discovery of the damage or a total of 11 years from the date the damage occurred (RCW 4.16.160 would toll the statute of limitation but only if the claim had accrued within 6 years). (2) If the cause of action, the right to apply to a court for relief, has not accrued within 6 years, i.e., been discovered by plaintiff, then the cause of action shall be barred. See Gazija v. Nicholas Jerns Co., supra; Hudesman v. Meriwether Leachman Assocs., 35 Wn. App. 318, 666 P.2d 937 (1983); Donovan v. Pruitt, supra.
The majority's elaborate analyses under the headings of "Nonclaim Statutes", "Statutory Construction", and "Repeal by Implication" cannot overcome the basic proposition that the "limitations" referred to in RCW 4.16.160 refer to limitations to actions the State is entitled to bring. If the State or anyone else (and there is absolutely nothing to indicate RCW 4.16.310 does not apply to public bodies as well as to private citizens) does not have an action to bring, for whatever reason, then RCW 4.16.160 cannot apply.
Finally, since I would hold there is no cause of action under RCW 4.16.310 which can be brought against the other defendants, the claim of plaintiff against the bond of General Insurance Company of America also should be barred. The only case cited by plaintiff in support of its position to allow an action against the surety is Regents of Univ. of Cal. v. Hartford Accident & Indem. Co., supra. In this case the California Supreme Court erroneously, I believe, characterized the California statute, comparable to RCW 4.16.310, as a statute of limitation. See Regents of Univ. of Cal. v. Hartford Accident & Indem. Co., supra (Clark, J., concurring and dissenting). Furthermore, the construction of the statute by the California court was rejected by the next session of the California Legislature. Thus, I believe Regents is of little value to my analysis in *130 this case.
This court held, early in the history of the state:
Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail."
Spokane Cy. v. Prescott, 19 Wash. 418, 422, 53 P. 661 (1898) (quoting with approval from Ryus v. Gruble, 31 Kan. 767, 3 P. 518 (1884)). I believe this principle applies with equal force to a nonclaim statute. County of Hudson v. Terminal Constr. Corp., 154 N.J. Super. 264, 381 A.2d 355 (1977). I do not believe the Legislature, when it enacted RCW 4.16.310, affecting the substantive rights of plaintiff, intended to allow a cause of action to accrue against a surety which it did not allow to accrue against the principal. Where, under RCW 4.16.310, there is no cause of action against the principal, there can be no cause of action against the surety.
I would vacate our opinion in Bellevue Sch. Dist. 405 v. Brazier Constr. Co., 100 Wn.2d 776, 675 P.2d 232 (1984) and affirm the summary judgment of the trial court in favor of the defendants.
UTTER and BRACHTENBACH, JJ., concur with DOLLIVER, J.
NOTES
[1] RCW 4.16.310 provides as follows:

"All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred: Provided, That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues."