# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BUD and KARLENA ALLBERY,<br><br>    Appellants,<br><br>    v.<br><br>SCARSELLA BROS, INC., a Washington corporation; THE CITY OF KENT, a Washington municipal corporation,<br><br>    Respondents,<br><br>DOES 1 to 10 Inclusive,<br><br>    Defendants. | No. 88328-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — In this appeal from an order granting summary judgment we are asked whether Karlena and Norman "Bud" Allbery's claim for loss of lateral support of their property was barred by the statute of limitations. Because the claim was subject to a three year statute of limitations, it accrued in October 2019 and was not asserted until September 2023, we answer yes, and affirm the superior court's summary judgment dismissal.

I

The Allberys own a home in Kent, Washington. To their north, at the bottom of a steep slope, lies property owned by the City of Kent (City). In 2019, the City contracted with Scarsella Bros., Inc. to construct improvement projects, including storm water management facilities, on its property. The Allberys first noticed

Scarsella working on the project on February 28, 2019, when Scarsella removed trees and other foliage near the Allberys' home. By October 14, 2019, Bud Allbery had noticed "for sure that [his] deck was definitely moving." On December 7, 2022, Karlena Allbery filed a claim form with the City requesting damages, indicating that the "incident" causing the damages had occurred between February 28, 2019 and October 7, 2020. The Allberys contended they "first . . . noticed there was visible damage to [their house] in late October 2020."

On September 14, 2023, the Allberys filed a complaint against Scarsella and the City. In the complaint, the Allberys alleged that the City and its contractor, Scarsella, had damaged the Allberys' property by "eliminat[ing] the land's ability to combat erosion, causing the land on [the Allberys'] [p]roperty to slide down the slope," damaging the water table, causing "constant earthshaking," and damaging the Allberys' deck. The Allberys asserted claims for nuisance, negligence, breach of contract as a third party beneficiary, and breach of duty of good faith and fair dealing as a third party beneficiary to contract. On December 27, 2024, the Allberys, the City, and Scarsella each filed a motion for summary judgment. In their motion for summary judgment, the Allberys first specifically asserted a claim for loss of lateral support of their property due to the construction on the adjacent property.

The court granted summary judgment to the City and Scarsella and denied summary judgment to the Allberys. The court dismissed with prejudice the Allberys' claims. The court held that the Allberys' loss of lateral support claim had

accrued on February 28, 2019, and was untimely under a two year limitations period. The Allberys timely appealed.

II

The sole contention that the Allberys pursue on appeal is their contention that their loss of lateral support claim was timely. The Allberys contend that their loss of lateral support claim accrued in October 2020, and their claim was timely because loss of lateral support claims are subject to a three year statute of limitations—thus putting the Allberys' complaint, filed in September 2023, within the limitations period.[1] We disagree. Though we concur that the Allberys' claim for loss of lateral support was subject to a three year statute of limitations, we hold that their claim accrued in October 2019 and was untimely as of the September 2023 filing.

We review a trial court's decision to grant summary judgment de novo. Schwartz v. King County, 200 Wn.2d 231, 237, 516 P.3d 360 (2022). "Summary judgment is appropriate only when a trial would be useless; there must be no genuine issues of material fact and the moving party must be entitled to judgment as a matter of law." Id. We consider all facts and make all reasonable inferences

---

[1] The Allberys claim that RCW 4.16.310 "delays accrual" of their claim until six years after substantial completion of the City's project, which they claim occurred in late 2020, and therefore their September 2023 filing was still timely. However, RCW 4.16.310 is a statute of repose, providing "an absolute bar to the commencement of any action which has not accrued within 6 years of substantial completion of construction." Donovan v. Pruitt, 36 Wn. App. 324, 327, 674 P.2d 204 (1983). RCW 4.16.320 explicitly prohibits RCW 4.16.310 from being "construed as extending the period" for parties to bring "any kind of action." Without deciding whether RCW 4.16.310 is applicable in this case, the six year statute of repose has no bearing on the applicable limitations period for the Allberys to bring their claims.

in the light most favorable to the nonmoving party. Id. We may affirm an order of summary judgment on any basis supported by the record. Coppernoll v. Reed, 155 Wn.2d 290, 296, 119 P.3d 318 (2005).

A

The City and Scarsella argue that the Allberys do not have a claim for loss of lateral support because they never properly pleaded the claim in their complaint. We disagree. Washington is a notice pleading state and requires only a simple, concise statement of the claim and the relief sought. Pac. Nw. Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006) (citing CR 8(a)). A complaint must give the opposing party fair notice. Champagne v. Thurston County, 163 Wn.2d 69, 84, 178 P.3d 936 (2008). We "construe pleadings to do substantial justice, and parties may clarify initial pleadings in the course of summary judgment proceedings." Karstetter v. King County Corr. Guild, 193 Wn.2d 672, 685-86, 444 P.3d 1185 (2019). A party is permitted to recover for their valid claims, even if their attorney fails to perceive the proper basis of that claim at the pleading stage. Stansfield v. Douglas County, 146 Wn.2d 116, 123, 43 P.3d 498 (2002).

The allegations of the Allberys' complaint adequately stated a claim for loss of lateral support. In the their complaint, the Allberys asserted that Scarsella removed a "thirty plus foot hill" that was adjacent to the Allberys' property, that Scarsella removed numerous trees and "dug to a depth of thirteen feet below ground level with heavy construction equipment operating within ten feet of [the Allberys' property], and that this "soil and tree removal impacted the stability of the

4

hill" on their property and "eliminated the land's ability to combat erosion, causing the land on [the Allberys' property] to slide down the slope." Though the Allberys never used the words "lateral support" in their complaint, we fairly construe their complaint as including a claim for loss of lateral support—a claim which they later clarified in their motion for summary judgment.

B

In its order on summary judgment, the superior court dismissed the Allberys' claims because it found that the claims accrued on February 28, 2019, were subject to a two year statute of limitations under RCW 4.16.130, and that even if they accrued in October 2020, they would still have been untimely under the two year statute of limitations. We affirm the superior court's order but on an alternative basis—that the Allberys' loss of lateral support claim was subject to a three year statute of limitations but the claim accrued in October 2019 and was untimely when the Allberys filed their complaint in September 2023.

Under the Washington constitution every landowner in the state "has a natural right to lateral support," and whoever violates that right renders themselves "liable to the landowner for the resulting damage." Bay v. Hein, 9 Wn. App. 774, 776-77, 515 P.2d 536 (1973). A claim for loss of lateral support does not sound in tort. Wong Kee Jun v. City of Seattle, 143 Wash. 479, 486, 255 P. 645 (1927). The right derives from article I, section 16 of the Washington Constitution, which states that "[n]o private party shall be taken or damaged for public or private use without just compensation having been first made." Bay, 9 Wn. App. at 776 n.1. "That constitutional right, together with its corresponding responsibility, exists

5

between two contesting private parties." Id. at 776. A claim for loss of lateral support is subject to a three year statute of limitations. Marshall v. Whatcom County, 143 Wash. 506, 506-07, 255 P. 654 (1927). "It is the law in this jurisdiction that a cause of action for removal of lateral support arises *when the damage occurs* and not when the excavation is made." McCoy v. Emrich, 72 Wn.2d 850, 851, 435 P.2d 550 (1967) (emphasis added).

The superior court ruled that the Allberys' loss of lateral support claim accrued on February 28, 2019. While excavation began in February 2019, to the extent of the present record there was no evidence of damage attributable to loss of lateral support at that time.[2] Though the Allberys contend that loss of lateral support damage first occurred in October 2020, Bud Allbery stated in deposition that, in October 2019, "it was noticeable for sure that [his] deck was definitely moving." Counsel asked him, "what did you see on your deck on October 14, 2019," Bud Allbery replied,

> The furthest out piece of wood on the deck that holds the glass wall or the glass siding up was actually starting to lean forward. And when you went down under the deck, you could actually see where the concrete had pulled away from the home by about two inches at that time.

Scarsella's excavations caused loss of lateral support damage to the Allberys' property at least as early as October 2019. The limitations period for the Allberys

---

[2] The only evidence of damage on February 28, 2019, the date when Scarsella first removed trees adjacent to the Allberys' property, was damage to the Allberys through their loss of privacy.

to bring their loss of lateral support claim lapsed well before their September 2023 complaint, making it untimely.[3]

Affirmed.

_Birk, J._

WE CONCUR:

_Chung, J._

---

[3] Although the record contains evidence that the Allberys submitted a claim form to the City, no party has argued that tolling under RCW 4.96.020(4) affects the limitations analysis.